UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

                            **ORDER**
                            Criminal No. 19-37 ADM/DTS

Roy Joseph Keyes,                  Criminal No. 10-181(1) ADM/AJB

    Defendant.

_____

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Kristin C. Hendrick, Esq., Hendrick Law LLC, Minneapolis, MN, on behalf of Defendant.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendant Roy Joseph Keyes' ("Keyes") Motions to Modify Sentence of Imprisonment [2019 Docket Nos. 36, 45] [2010 Docket No. 190].[1] Keyes seeks a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the Motions are denied.

On September 25, 2019, Keyes entered a plea of guilty to failing to surrender to serve his sentence, in violation of 18 U.S.C. § 3146(a)(2) NS (B)(1)(a)(i). Min. Entry [Docket No. 19]; Plea Agreement [Docket No. 20].[2] Keyes was initially convicted in 2010 of conspiracy to distribute 100 grams or more of heroin and oxycodone. See United States v. Keyes, Crim. No.

___

[1] Keyes filed his first Motion pro se. He also filed three pro se Addenda in support of the first Motion. See Pro Se Addenda [2019 Docket Nos. 38, 40, 41]. Counsel was subsequently appointed, and Keyes' attorney filed a second Motion on his behalf.

[2] Unless otherwise noted, all docket citations are to the 2019 case.

10-181(1) ADM.  His sentence in the 2010 case included a four year term of supervised release, which began in 2014.  Keyes violated the terms of his release throughout 2016 and 2017.

On July 24, 2018, Keyes was sentenced to a prison term of six months for violating several terms and conditions of his supervised release.  Plea Agreement ¶ 2.  Keyes requested a voluntary surrender, and the Court ordered him to surrender to the U.S. Marshals Service the following morning, July 25, 2018, at 10:00 a.m.  Id.  Keyes failed to appear for surrender and remained a fugitive for nearly a year.  Id.  He was arrested during the execution of a search warrant outside a Minneapolis residence on June 11, 2019.  Id.  At the time of the arrest, police found near Keyes a pouch containing seven small "bindles" of heroin, and a handgun in an upstairs bedroom.  Id.  Keyes admitted that the heroin and gun were his, that he had been selling small amounts of heroin to support his drug habit, and that he possessed the gun for protection. Id.

On January 16, 2020, Keyes was sentenced in this case to a term of 60 months, to run consecutively with the six-month sentence in his 2010 case.  Min. Entry [Docket No. 33]; Sentencing J. [Docket No. 34] at 2.  Keyes is currently serving his sentence at the Federal Correctional Institution in Milan, Michigan ("FCI Milan").  He has served approximately 19 months of his 60-month sentence and is scheduled to be released on March 5, 2024.  See Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 10, 2021); Gov't Ex. 1 [Docket No. 51, Attach. 1] at 2.  During his incarceration, Keyes has completed several education courses.  See Hendrick Decl. [Docket No. 47] Ex. G.  He has not incurred any disciplinary violations since his re-incarceration in 2019.  Id. Ex. F.

Keyes now moves for a compassionate release sentence reduction under 18 U.S.C.

§ 3582(c)(1)( A). Keyes, age 49, argues that his multiple health conditions place him at heightened risk for the COVID-19 virus. He further contends that social distancing is not feasible in the close confines of his prison environment, and that FCI Milan continues to have active cases of COVID-19 among inmates and staff members. Keyes argues that these circumstances constitute extraordinary and compelling reasons warranting his release. He requests that his sentence be reduced to time served, and that home confinement be required as a condition of his supervised release.

Keyes states that he has a body mass index of 31.95, which is medically considered to be mildly obese. Def. Mem. Supp. [Docket No. 46] at 3. Keyes' medical records show that he suffered a gunshot wound in 2017, and as a result his spleen and a portion of his colon were removed. He also underwent multiple surgeries in 2017 to repair a leaking pancreatic duct. See Pro Se Mot. Ex. 1 [Docket No. 36, Attach. 1] at 8–14, 19–20; Hendrick Decl. Ex. C at 14, 64, 116–17. Keyes also has hypertension and is a former smoker. Gov't Ex. 2 [Docket No. 51, Attach. 2] at 13; Hendrick Decl. Ex. B at 85, 116. Keyes' most recent medical records, dated May 26, 2021, show that he received his first dose of the Pfizer COVID-19 vaccine on May 14, 2021. Gov't Ex. 2 at 17.

The Government opposes Keyes' Motion, arguing that Keyes' health conditions are not extraordinary and compelling because he has now been vaccinated against the virus. The Government also contends that Keyes would pose a significant danger to the community if released, and that the sentencing factors in 18 U.S.C. § 3553(a) militate against his release.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release

provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The parties agree that Keyes has satisfied the exhaustion requirement by filing a request for release with the Warden of his facility that was denied on November 21, 2020. See Hendrick Decl. Exs. D, E; Gov't Resp. Opp'n [Docket No. 52] at 8 n.2. His Motion is therefore ripe for review.

Keyes' health conditions do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction. Any risk to Keyes from the COVID-19 virus has been substantially reduced because he received a first dose of the Pfizer vaccine in May 2021 and is likely now fully vaccinated. Keyes' vaccination provides him with significant protection against COVID-19.[3] As a result, Keyes' health concerns do not constitute extraordinary and compelling reasons warranting his release. See United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no

---

[3] Evidence from clinical trials showed that the Pfizer vaccine "was 95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection." Centers for Disease Control and Prevention, COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited June 10, 2021).

extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

Resisting this conclusion, Keyes argues that it remains unknown whether the vaccine will improve his chances of survival, because he is Black and only 10% of the Pfizer's clinical trial participants were Black. He also contends that although some of the trial participants had underlying health conditions, his conditions differ from those that were most frequently studied in the clinical trial. Keyes' concerns that the vaccine may not protect him are too speculative to warrant his release. Cf. Rodriguez, 2021 WL 1187149, at *1 (holding that inmate's concerns about the Pfizer vaccine's effectiveness against COVID variants were too speculative to justify his release).

Additionally, Keyes does not have a particularized risk of contracting COVID-19 at FCI Milan. There is currently one active inmate case of COVID-19 and four active staff cases at the facility. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 10, 2021). Moreover, 155 staff members and 562 of the 1,275 inmates at FCI Milan have been fully vaccinated against COVID-19. Id. Although three inmates at FCI Milan have sadly died from COVID-19, including one inmate who recently died in May 2021, the low number of active cases at the facility and Keyes' vaccination status make it extremely unlikely that he will contract and become severely ill from COVID-19.

Even if Keyes could show extraordinary and compelling circumstances, the Motion

would be denied because the sentencing factors in § 3553(a) weigh against his release.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

Keyes has a history of disregarding the law and this Court's orders.  He repeatedly violated the conditions of his release, failed to surrender for service of his sentence, remained a fugitive for nearly a year until he was arrested, and was found with drugs and a firearm when he was finally apprehended.  Releasing Keyes after he has served approximately one third of his sentence would detract from the seriousness of the offense, diminish respect for the law, and afford inadequate deterrence for the crime committed.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Roy Joseph Keyes' Motions to Modify Sentence of Imprisonment [2019 Case Docket Nos. 36, 45] [2010 Case Docket No. 190] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 10, 2021